IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PENFORD CORPORATION and PENFORD PRODUCTS CO., Plaintiffs, vs. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and ACE AMERICAN INSURANCE COMPANY, Defendants. | No. 09-CV-0013-LRR RULING ON MOTION TO BIFURCATE AND STAY |

This matter comes before the Court on the Motion to Bifurcate and Stay (Docket No. 23) filed by the Defendants on May 21, 2009; the Memorandum in Opposition (Docket No. 28) filed by the Plaintiffs; and the Reply Memorandum (Docket No. 29) filed by the Defendants. The Defendants' request for oral argument is denied. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On January 23, 2009, Plaintiffs Penford Corporation and Penford Products Co., (collectively, "Penford") filed a Complaint (Docket No. 1) seeking declaratory judgment and damages from Defendants National Union Fire Insurance Company of Pittsburgh, PA, and Ace American Insurance Company. Penford claims that Defendants have failed to fully reimburse Penford for covered losses following a flood in June 2008. Penford seeks a declaratory judgment regarding the benefits covered by the policies (Count One) and compensatory damages for breach of contract (Count Two). In addition, Penford seeks

damages for Defendants' alleged "bad faith denial or delay of insurance benefits" (Count Three). Defendants deny Penford's material allegations and assert various affirmative defenses.

On June 1, 2009, the Court filed a Scheduling Order and Discovery Plan (Docket No. 26), setting various pretrial deadlines. The deadline for completion of discovery is January 1, 2010, with a dispositive motions deadline of February 1, 2010. A jury trial has been scheduled before Chief Judge Linda R. Reade on June 14, 2010.

## II. ISSUE PRESENTED

On May 21, 2009, Defendants filed the instant Motion To Bifurcate and Stay. Defendants ask (1) that the Court bifurcate the trial of the declaratory judgment and breach of contract claims from the trial of the bad faith claim, and (2) that the Court stay discovery on the bad faith claim "pending resolution of the declaratory judgment and breach of contract claims."

## III. RELEVANT FACTS

Penford conducts manufacturing operations at its facility in Cedar Rapids, Iowa. In June 2008, Penford's Cedar Rapids plant was flooded and suffered substantial property damage. Defendants provided insurance coverage for Penford's facility at that time. Among other things, the policy provided a $10 million "sublimit" for flood damages to "Zone A," as defined in the policy, and a $10 million sublimit for flood damages to "Zone B." Defendants have paid Penford $20 million for flood damages sustained in Zones A and B.

In addition, the policy contained certain "time element coverages," providing coverage for losses caused by business interruption. The policy also provided additional coverages for debris removal, decontamination costs, contaminant or pollutant clean up, and professional fees. Penford claims that it is entitled to additional benefits for losses

2

falling under the time element coverages and additional policy coverages. According to Penford, its covered losses will exceed $50 million. Penford requests that the Court "declare Penford's rights and Defendant Insurance Companies' obligations under the Policy," and that it award compensatory damages for breach of contract. In addition, and of particular significance to the instant motion, Penford asks that the Court award it additional damages for Defendants' alleged bad faith in denying Penford benefits which are due under the policy, and "unreasonably delaying undisputed payments under the Policy."

## IV. DISCUSSION

Penford's declaratory judgment and breach of contract claims address its flood losses, the extent to which those losses are covered by the insurance policy issued by Defendants, and how the "sublimits" contained in the policy apply to the circumstances presented here. Penford's bad faith claim rests on the adjustment of the loss, and whether Defendants knowingly acted unreasonably in denying or delaying Penford's benefits.[1]

The FEDERAL RULES OF CIVIL PROCEDURE authorize the Court to order a separate trial of the claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Rule 42(b) states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

---

[1] To recover on a first-party bad faith claim, the insured is required to prove (1) the insurer had no reasonable basis for denying the insured's claim, and (2) the insurer knew or had reason to know that its denial was without reasonable basis. *Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 473 (Iowa 2005).

3

FED. R. CIV. P. 42(b).[2] Here, Defendants argue that staying discovery "with respect to the bad faith claim pending resolution of the declaratory judgment and breach of contract claims" will "promote judicial economy, [] conserve the parties' resources and [] achieve an expeditious resolution of Plaintiffs' threshold claims."[3] As the moving parties, Defendants have the burden of demonstrating that bifurcation is warranted. *Cedarapids, Inc. v. CMI Corp.*, 1999 WL 33656876 (N.D. Iowa) at *1.

In exercising its "broad discretion" whether to bifurcate issues for trial, the district court should consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *O'Dell v. Hercules Incorp.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) (citing *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1993)). When serving on the district court, Chief Judge Michael J. Melloy identified various factors to be considered by the trial court in exercising its "sound discretion" whether or not to bifurcate a trial:

> Courts traditionally consider the following factors when deciding whether to order separate trials: (1) the complexity of the damages issue; (2) potential for juror confusion; (3) overlap of the issues to be tried; and (4) prejudice to either party. (citation omitted) In addition, courts may consider (1) whether the issues are triable by the court or by jury; (2) whether discovery has been directed to one trial on all issues; (3) whether the evidence for each issue is substantially different; and (4) the effect bifurcation would have on settlement negotiations.

---

[2] In their Memorandum of Law, Defendants set forth the version of Rule 42(b) which existed prior to the stylistic amendment made on December 1, 2007. *See* Defendant's Memorandum of Law at 4 (Docket No. 23-2 at 4).

[3] Defendants' Motion to Bifurcate and Stay at 2 (Docket No. 23 at 2).

*Cedarapids, Inc. v. CMI Corp.*, 1999 WL 33656876 at *1.

Turning to the instant action, Defendants focus on their argument that recovery by Penford on its declaratory judgment and breach of contract claims is a "condition precedent" to its recovery on the bad faith claim. Defendants argue that the discovery required on the bad faith claim is "not relevant" to the discovery associated with the declaratory judgment and breach of contract claims. Therefore, according to Defendants' argument, bifurcating the trial and staying discovery on the bad faith claim will promote judicial economy.

Not surprisingly, Penford disagrees. Penford argues that much of the discovery "intermingles" between the contract and bad faith claims. According to Penford, a number of witnesses have knowledge regarding both the flood loss and the subsequent adjustment of the insurance claim, and staying discovery on the bad faith claim would necessitate deposing those witnesses twice. In addition, Penford argues that even if it does not prevail on the breach of contract claim, it nonetheless has a viable bad faith claim for Defendants' alleged failure to *timely* pay the benefits due under the policy. Finally, Penford argues that even if bifurcation of the trial is otherwise appropriate, the parties should be permitted to proceed with discovery on all claims.

The Court concludes that Penford has the better argument in this regard. In Counts One and Two, Penford claims that it is entitled to additional benefits for covered losses sustained as a consequence of the June 2008 flood. Discovery regarding the extent of Penford's damages may be related to discovery regarding information provided to Defendants in the adjustment of the loss. As Penford notes, some witnesses may have knowledge regarding the underwriting of the policy, the damages sustained by Penford, and the adjustment of the loss. It does not promote judicial economy, nor does it conserve the parties' resources, to require multiple depositions of certain witnesses. Moreover,

because discovery regarding the various issues overlaps, bifurcation of discovery would inevitably result in disputes regarding whether certain information could be pursued at this time or must await some later stage in the proceeding.

Defendants rely heavily on the argument that Penford's recovery on the bad faith claim is contingent on "a finding in favor of Penford on the claims for declaratory judgment and breach of contract." That is, Defendants argue that it is unnecessary to address discovery and trial on the bad faith claim unless Penford first prevails on its contract claims. This argument fails, however, to address Penford's claim that Defendants acted in bad faith in delaying the payment of insurance benefits. Even if it is determined that Penford has been paid all of the benefits it is entitled to receive under the policy, a claim for bad faith may lie if Defendants knowingly acted unreasonably in delaying payments. *Galbraith v. Allied Mut. Ins. Co.*, 698 N.W.2d 325, 328 (Iowa 2005) (a bad faith claim may lie if "the insurer lacked a reasonable basis for denying *or for delaying payment* of the claim") (citing *Thompson v. United States Fid. & Guar. Co.*, 559 N.W.2d 288, 291 (Iowa 1997)) (emphasis added). *See also Schuller v. Great-West Life & Ann. Ins. Co.*, 2005 WL 2259993 (N.D. Iowa) at *14. Accordingly, Penford is entitled to discovery regarding the adjustment of its loss, even if Defendants ultimately prevail on the contract claims.

While the claimed loss in this case is substantial, there are a limited number of parties and the issues are fairly straightforward. Bifurcating the trial and staying discovery on the bad faith claim until after the contract claims have been resolved would unnecessarily delay this action and, therefore, prejudice Penford. *Tustin v. Motorists Mut. Ins. Co.*, 2008 WL 5377835 (N.D.W.Va. 2008) at *2-3 (identifying the factors to be considered when determining whether to stay discovery on a first-party bad faith claim). In *Agrawal v. Paul Revere Life Ins. Co.*, 182 F. Supp. 2d 788 (N.D. Iowa 2001), the court

ordered bifurcation of trial on the coverage and bad faith claims. *Id.* at 791 ("I prefer to keep the jury focused on one issue at a time."). The court did not, however, stay discovery. The court envisioned that the bad faith claim would be tried immediately following coverage claim, if necessary. *Id.* ("If possible (i.e., if the parties are not inconvenienced and the jurors remain available to do so), the same jury will try the bad faith claim in the event that it resolves the coverage issue in the plaintiff's favor."). Discovery on both claims proceeded, notwithstanding the court's decision to bifurcate the trial.

## V. CONCLUSION

The Court concludes that discovery on the bad faith claim should not be stayed. For similar reasons, the Court concludes that the trial should not be bifurcated. Defendants have failed to meet their burden of proving that bifurcation will promote judicial economy or conserve the parties' resources. As set forth above, Penford may pursue a bad faith claim for defendants' alleged delay in the payment of benefits, even if it is not entitled to any additional recovery under the contract. If the claims are bifurcated, then it will result in two trials with a substantial amount of overlapping evidence. A combined trial will not be unduly complex, nor, in the Court's view, will the jury likely be confused by the issues presented. *Cedarapids, Inc. v. CMI Corp.*, 1999 WL 33656876 (N.D. Iowa) at *1. The Court is not convinced that Defendants will be prejudiced by trying the contract claims with the bad faith claim. *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (finding the district court did not abuse its discretion when it did not bifurcate the breach of contract and bad faith claims)..

## ORDERED

**IT IS THEREFORE ORDERED** that the Motion to Bifurcate and Stay (Docket No. 23) filed by the Defendants on May 21, 2009, is hereby **DENIED**.

**DATED** this 13th day of July, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA